IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 18 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Rachael Alabi
    Plaintiff,

v.

LVNV FUNDING LLC
    Defendant.

Case No. 1-25-cv-01678 SEG

TRIAL BY JURY DEMANDED

## AMENDED VERIFIED COMPLAINT

Rachael Alabi ("Plaintiff") files this Amended Complaint against LVNV Funding, LLC ("Defendants") for violations of the Fair Debt Collection Practices Act (FDCPA) and states the following in support thereof:

### I: JURSIDICTION & VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under federal law, specifically the FDCPA (15 U.S.C. § 1692 et seq.).

2. Venue is proper under 28 U.S.C. § 1391(b) because Defendant conducts business in Georgia, and the acts giving rise to this lawsuit occurred in this district.

### II: PARTIES

3. Plaintiff is a natural person and a resident of Dekalb County, Georgia.

4. Defendant LVNV Funding, LLC is a foreign limited liability company engaged in debt collection and credit reporting activities and regularly conducts business in Georgia.

5. Defendant is a debt collector under 15 U.S.C. § 1692a (6) and a furnisher of credit information under 15 U.S.C. § 1681s-2.

1

## III: FACTUAL ALLEGATIONS

1. Defendant LVNV Funding, LLC is a third-party debt buyer that claims to have acquired Plaintiff's alleged account from Credit One Bank or another intermediary debt seller.

2. Upon information and belief, Defendant does not own the alleged debt and does not have the legal authority to collect the alleged debt or any legal right to furnish the alleged debt to consumer reporting agencies.

3. Despite lacking lawful ownership or assignment, Defendant began reporting the alleged debt on Plaintiff's consumer credit report, thereby representing that it held a valid legal interest in the debt.

4. Defendant's act of furnishing credit information about the alleged debt, without a legal right to do so, constitutes a false, deceptive, and misleading representation regarding the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

5. As a direct and proximate result of Defendant's actions, Plaintiff suffered actual harm, including a reduction in her credit score, reputational damage.

## IV: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

### A. Violation of 15 U.S.C. § 1692e(2)(A): False Representation of Legal Status

Defendant LVNV Funding, LLC, a debt collector within the meaning of 15 U.S.C. § 1692a (6), violated 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act by materially misrepresenting its legal authority to collect and report an alleged consumer debt it does not lawfully own. Section 1692e(2)(A) squarely prohibits any false, deceptive, or misleading representation concerning the character, amount, or legal status of a debt. This includes the assertion express or implied that a debt collector possesses the legal right to collect or furnish information about a debt when, in fact, it does not. Here, Defendant reported to consumer reporting agencies that Plaintiff owed a delinquent debt purportedly originating from Credit One Bank, N.A. However, upon information and belief, Defendant

lacks any valid assignment or legal title to the alleged obligation. In the absence of such proof, Defendant's act of furnishing information to third parties regarding this debt was not only unauthorized, but affirmatively misleading.

Courts across jurisdictions have consistently held that such conduct reporting a debt without verifying ownership or assignment constitutes a violation of § 1692e(2)(A). Defendant's attempt to cloak itself with legal authority it does not possess is precisely the kind of deceptive conduct Congress enacted the FDCPA to deter. By reporting this alleged debt, Defendant conveyed a false impression of its rights and Plaintiff's obligations, thereby misleading third parties and damaging Plaintiff's credit reputation. Accordingly, the record will establish that Defendant's conduct falls squarely within the prohibitions of the FDCPA, and Plaintiff is entitled to judgment as a matter of law on this claim.

## B: Violation of 15 U.S.C. § 1692e (10): Use of Deceptive Means in Debt Collection

Defendant's conduct in furnishing the alleged debt to consumer reporting agencies, without a legally substantiated right to do so, constitutes a deceptive means of debt collection in violation of 15 U.S.C. § 1692e (10). The FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt. Courts interpreting this provision have held that it encompasses not only overt misstatements, but also indirect or implied practices that serve to pressure consumers into making payments they may not owe.

Among such practices is the use of credit reporting as a collection device. Furnishing derogatory information to consumer reporting agencies particularly where the right to report is unclear or unsupported is not a neutral act. It is inherently coercive, damaging the consumer's credit score and creating reputational harm that operates as leverage to extract payment. The intent and effect of such reporting are to compel the consumer to resolve the alleged debt, even absent a verified legal obligation. This exact theory was endorsed by the Ninth Circuit in *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055 (9th Cir. 2011). There, the court held that the act of credit reporting even without an explicit demand for payment constitutes a deceptive debt

3

collection practice when the reporting is used to pressure consumers, especially where the debt collector lacks clear legal authority. The court explicitly recognized that impairing a consumer's credit score is a strategic tool employed to induce payment and that, in such circumstances, the reporting itself may be misleading and actionable under § 1692e (10).

The facts here align squarely with *Gonzales*. Plaintiff alleges that Defendant reported an alleged debt to consumer reporting agencies despite lacking any verified legal basis to do so. Like the defendant in *Gonzales*, Defendant here used the credit reporting system not merely to inform, but to influence leveraging the consequences of a damaged credit profile to pressure Plaintiff into payment. This conduct, as recognized by *Gonzales*, is precisely the type of deceptive and coercive debt collection method that the FDCPA was enacted to prevent. Accordingly, Plaintiff has sufficiently stated a claim under § 1692e (10), and this Court should find that Defendant's use of credit reporting in these circumstances constitutes a deceptive practice within the meaning of the statute.

## VERIFICATION

I, Rachael Alabi, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that I have read the foregoing Complaint and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

**WHEREFORE** the foregoing reasons Plaintiff requests judgment against Defendant as follows:

a. Statutory damages under FDCPA;
b. Actual damages
c. Punitive damages
d. Fees and costs; and
e. Any further relief deemed just and proper.

4