# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RACHAEL ALABI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 1:25-CV-01678-SEG-JEM |
| LVNV FUNDING LLC, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT LVNV FUNDING LLC'S ANSWER TO AMENDED COMPLAINT

**COMES NOW** Defendant LVNV Funding LLC ("LVNV"), by and through its undersigned counsel, specifically reserving the right to compel arbitration of Plaintiff Rachael Alabi's ("Plaintiff") claims, and for its Answer to Plaintiff's Amended Complaint, states as follows:

### I. JURISDICTION AND VENUE

1. Paragraph 1 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that 28 U.S.C. § 1331 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* speak for themselves. LVNV denies that Plaintiff has stated any valid claim against it that would confer jurisdiction over LVNV. Otherwise, LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 1 and, therefore, denies the same and demands strict proof thereof.

2. Paragraph 2 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that it owns accounts of Georgia residents. Otherwise, LVNV is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

## II.   PARTIES

3. LVNV is without sufficient knowledge and information to admit or deny the allegations in Paragraph 3 and, therefore, denies the same and demands strict proof thereof.

4. Paragraph 4 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that it is a limited liability company and that it owns accounts of Georgia residents. Otherwise, denied.

5. Paragraph 5 states a legal conclusion to which no response from LVNV is necessary. To the extent a response is required, LVNV admits only that the FDCPA and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, speak for themselves. Otherwise, denied.

## III.   FACTUAL ALLEGATIONS

1. LVNV admits only that it owns an account in Plaintiff's name. LVNV denies the remaining allegations in Paragraph 1 and demands strict proof thereof.[1]

2. LVNV denies the allegations in Paragraph 2 and demands strict proof thereof.

3. LVNV denies the allegations in Paragraph 3 and demands strict proof thereof.

4. LVNV denies the allegations in Paragraph 4 and demands strict proof thereof.

5. LVNV denies the allegations in Paragraph 5 and demands strict proof thereof.

## IV.   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICE ACT

**A. Violation of 15 U.S.C. § 1692e(2)(A): False Representation of Legal Status**

In response to the first unnumbered paragraph appearing below the heading "Violation of 15 U.S.C. § 1692e(2)(A): False Representation of Legal Status," LVNV admits only that the FDCPA speaks for itself. LVNV denies the remaining allegations in this paragraph and demands strict proof thereof.

---

[1] Plaintiff's Amended Complaint is incorrectly numbered. LVNV responds to the paragraphs contained within Plaintiff's Amended Complaint as outlined therein.

In response to the second unnumbered paragraph appearing below the heading "Violation of 15 U.S.C. § 1692e(2)(A): False Representation of Legal Status," LVNV admits only that the FDCPA speaks for itself. LVNV denies the remaining allegations in this paragraph and demands strict proof thereof.

**B. Violation of 15 U.S.C. § 1692e(1): Use of Deceptive Means in Debt Collection**

In response to the first unnumbered paragraph appearing below the heading "Violation of 15 U.S.C. § 1692e(1): Use of Deceptive Means in Debt Collection," LVNV admits only that the FDCPA speaks for itself. LVNV denies the remaining allegations in this paragraph and demands strict proof thereof.

In response to the second unnumbered paragraph appearing below the heading "Violation of 15 U.S.C. § 1692e(1): Use of Deceptive Means in Debt Collection," LVNV admits only that the FDCPA speaks for itself. Otherwise, denied.

In response to the third unnumbered paragraph appearing below the heading "Violation of 15 U.S.C. § 1692e(1): Use of Deceptive Means in Debt Collection," LVNV denies the allegations in this paragraph and demands strict proof thereof.

### VERIFICATION

LVNV believes that no response is necessary to the unnumbered paragraph appearing below the heading "VERIFICATION." To the extent a response is required, LVNV is without sufficient knowledge to admit or deny the allegations in this paragraph and, therefore, denies the same and demands strict proof thereof.

In response to the unnumbered paragraph beginning with "WHEREFORE," LVNV denies that Plaintiff is entitled to judgment in her favor, damages, fees, costs, or any other relief whatsoever as to LVNV and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering Plaintiff's claims against LVNV, Plaintiff's claims must be compelled to arbitration.

### SECOND DEFENSE

Plaintiff's Complaint fail to state a plausible claim for relief against LVNV.

### THIRD DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### FOURTH DEFENSE

To the extent Plaintiff's claims relate to conduct occurring beyond the applicable statute of limitations, they are time barred.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of LVNV.

## SIXTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which LVNV had no responsibility or control and for which LVNV may not be held liable.

## SEVENTH DEFENSE

Plaintiff's claims against LVNV are barred, in whole or in part, by the doctrines of recoupment and/or set-off for any amounts owed by Plaintiff to LVNV.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), laches, release, consent, ratification, acquiescence, novation, unclean hands, and/or other equitable doctrines due to Plaintiff's own acquiescence, improper, or bad faith conduct.

## NINTH DEFENSE

Plaintiff's claims against LVNV are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

## TENTH DEFENSE

LVNV denies that it is guilty of any wrongdoing, either negligent, wanton, willful, or otherwise.

## ELEVENTH DEFENSE

LVNV pleads the defense of lack of causal relation between its conduct and the damages alleged.

## TWELFTH DEFENSE

Any violation of the law, which LVNV denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## THIRTEENTH DEFENSE

LVNV affirmatively invokes and asserts all defenses created by and under the Fair Debt Collection Practices Act.

## FOURTEENTH DEFENSE

To the extent sought, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under federal law for ascertaining the amount thereof, such that any award of said damages against LVNV would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

## FIFTEENTH DEFENSE

To the extent sought, Plaintiff's claims for punitive damages against LVNV cannot be upheld to the extent they are in violation of any law passed by the United

States Congress or the State Legislature limiting awards of punitive damages or the amount of such damages.

## SIXTEENTH DEFENSE

To the extent sought, Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would violate the holdings of, and/or standards set forth in, *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff lacks standing.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to recover costs or attorney's fees.

## RESERVATION OF DEFENSES

LVNV reserves the right to assert additional defenses as discovery progresses. To the extent that any of the foregoing allegations in Plaintiff's Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this the 4th day of August, 2025.

          */s/ R. Frank Springfield*
          R. Frank Springfield
          Georgia Bar No. 316045
          fspringfield@burr.com
          BURR & FORMAN LLP
          420 North 20th Street, Suite 3400
          Birmingham, AL  35203
          Telephone:  (205) 251-3000
          Facsimile:  (205) 458-5345

          Attorney for Defendant
          LVNV FUNDING LLC

## **CERTIFICATION OF COUNSEL**

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, in accordance with Local Rule 5.1.

*/s/ R. Frank Springfield*
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send an e-mail notification of such filing to the attorney of record:

NONE

I hereby certify that I mailed by United States Postal Service the document to the following non-CMF/ECF participants:

Rachael Alabi<br>
3564 Wesley Chapel Rd<br>
E119<br>
Decatur, GA 30034<br>
Rachael.o.alabi@gmail.com<br>
*Pro se Plaintiff*

/s/ R. Frank Springfield
R. Frank Springfield
Georgia Bar No. 316045
fspringfield@burr.com